CASE 99—PETITION ORDINARY—OCTOBER 6.

## Wood, &c v. L. & N. R. R. Co.

APPEAL FROM HARDIN CIRCUIT COURT.

1. RAILROADS—SEPARATE COACH LAW—LIABILITY FOR CONDUCT OF PASSENGERS.—In an action by a colored woman to recover damages from a railroad company for permitting a drunken white person to enter the compartment set apart for colored persons, under the provisions of the separate coach law, and remain there and use vile, profane and indecent language, it was error in the court to instruct the jury that the defendant was not liable

101  703
123  219

101  703
137  616

for any annoyance and insults sustained by a passenger, of which its employes had no knowledge, and which it had used reasonable care to prevent. The jury should have been instructed that if those in charge of the train permitted white men to remain in the compartment set aside for colored people, the company was responsible for their conduct so long as they should remain there, and .was liable for the annoyance and insults sustained by the colored passengers as a result thereof, although the employes did not know what was taking place.

W. R. HAYNES FOR APPELLANT.

1. The carrier owes to the passenger the duty of protecting him from the violence and assaults of his fellow passengers, or intruders, and will be held responsible for neglect in this particular. Quinn v. L. & N. R. R., 17 Ky. Law Rept., 811; Britton v. Atlanta, &c. Air Line R. R. Co., 43 Amer. Rept., 752, and authorities there cited.

W. H. MARRIOTT FOR APPELLEE.

1. The instructions in this case taken together are substantially a compliance with the rule laid down by this court in the case of Quinn v. L. & N. R. R. (17 Ky. Law Rept., 811), which was a case growing out of the same facts as this one.

2. The party can not complain that an instruction not asked for by him was not·given. L. & N. R. R. v. Murray, 14 Ky. Law Rept., 928; L. & N. R. R. v. Bullins, 15 Ky. Law Rept., 752; Roundtree v. Glatt, 14 Ky. Law Rept., 463; R. R. Co. v. Davidson, 12 Ky. Law Rept., 142.

8. There was no objection upon the part of the plaintiff to any of the instructions offered by the defendant and he can not therefore complain. Matthews Ex'rx. v. Wahl, &c., Ky. Law Rept., 624; Civil Code, sec. 333, sub-sec. 3; Lowring v. Warren County, 14 Bush, 320; Burks v. McField, 81 Ky., 51, (4 Ky. Law Rept., 833).

4. The questions in this case are not the same as in the Quinn case. Instructions were asked in that case which were not asked for in this case, and the instructions held to be erroneous in that case were not given in this case.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellants brought suit against appellee for damages, alleging that the appellant, Ella Wood, was a passenger on

appellee's train, being carried from Louisville to Elizabeth-town, and, being a colored woman, while in the compartment which had, in compliance with the separate coach law and appellee's regulations, been assigned to persons of her race, appellee permitted drunken white persons to enter the compartment and use vile, profane and indecent language in the appellant's presence, to her great annoyance, humiliation and disturbance.

The facts appearing in this record are the same in substance as those stated in the opinion of this court by Judge Pryor in the case of Quinn v. L. & N. R. R. Co., 17 Ky. Law Rep., 811, the appellant in that case having occupied the same seat in the car with Ella Wood.

The question presented for decision is whether the court misinstructed the jury. The rule laid down in the Quinn case was that, "where the conductor or those managing the train know that one is in the wrong car, it is his duty to expel him, and by his consenting to his remaining the company becomes responsible for his conduct so long as he does remain." And again, it was held in that opinion that: "It may be contended that the white passenger having been assigned to his proper coach, and then leaving it without the knowledge of the conductor, exempts the company from liability unless the conductor knows of the wrongs being committed or the purpose of the passenger, by reason of his conduct, to mistreat passengers. This would perhaps be a rational conclusion unless it further appeared the conductor, or those controlling the train, knew of the white passenger's presence in the colored compartment, and took no steps to require him to leave. Here the conductor assented to his

(45)

remaining in the car until he dispatched his business with the old negro, and the company should be held responsible for his conduct so long as he remained, and any other construction of the duties of corporations and their agents, arising from the passage of this law, would nullify its provisions or amount to a disregard of the manifest purpose of the legislature in enacting it."

Under this ruling instruction No. 4, to the giving of which appellants excepted, was erroneous. That instruction is as follows: "The defendant is not liable for any annoyance or insult sustained by a passenger, of which the employes had no knowledge and which the defendant used reasonable care to prevent."

The court should have instructed the jury that if appellee's agents permitted the white men to remain in the compartment set apart for colored people, appellee was responsible for their conduct so long as they remained there, and was liable for the annoyance or insult sustained by the colored passenger as a result thereof, although its employes did not know what was taking place. Upon no theory, borne out by the facts appearing in the record, can instruction No. 4 be reconciled with the rule laid down in the Quinn case, to which we adhere.

Wherefore, the judgment is reversed, and the cause remanded, with directions to set aside the judgment and award the appellants a new trial, in conformity with this opinion.